UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:13-cv-559-SEB-DKL |
| ) | |
| PITT OHIO EXPRESS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

*Defendant's Motion to Dismiss Plaintiff's Complaint* **[doc. 10]**

This Cause came before this magistrate judge for preparation of a report and recommendation, pursuant to the referral of the district judge [doc. 14], for the disposition of Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons explained herein, this magistrate judge recommends that the motion be granted in part and denied in part.

Plaintiff, who proceeds *pro se* in this case, filed the instant action on April 3, 2013 against his former employer, defendant Pitt Ohio Express. He asserts claims for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"); violation of 42 U.S.C. § 1981; and "lost wages." *Employment Discrimination Complaint* [doc. 1] ("*Complaint*"), § II. Plaintiff's claims arise from Defendant's alleged wrongful termination of him and its failure to pay him for hours worked. His factual allegations are brief. For

example:

> Negitive [*sic*] hairalysis [*sic*], no time for lunch was put in computer system & in logs route start late for deliveries and pickups were coming in before all deliveries were done, not enough help to accomplish what the company want done in a days [*sic*] work.

*Complaint* § IV. A supplemental filing the next day [docs. 5 through 5-3], provide additional allegations regarding the drug tests for which Defendant ostensibly terminated him. Defendant's motion to dismiss is now ripe for ruling.[1]

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is sufficient so long as it provides "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). In determining the sufficiency of a claim, all of a plaintiff's allegations are accepted as true and all reasonable inferences are drawn in his favor. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000).

**ADEA and § 1981 claims.**

Defendant moves to dismiss Plaintiff's § 1981 claim because he "makes absolutely no allegations of race discrimination," "does not even identify his race or claim persons of a different race received preferential treatment." (*Defendant's Brief in Support of Its Motion*

---

[1] Because of Plaintiff's *pro-se* status, his initial failure to file a timely response was excused and his deadline was extended. He eventually filed a timely response and Defendant replied.

for Dismissal of Plaintiff's Complaint [doc. 11] ("*Brief*") at 6). Thus, Defendant argues, the *Complaint* fails to plead an essential fact required for a claim of race discrimination under § 1981. (*Id.*) Similarly, Defendant argues that Plaintiff's ADEA claim should be dismissed because the *Complaint* fails to allege the fundamental fact that Plaintiff is over forty years old and, therefore, a member of the class protected by the ADEA. In addition, Defendant argues that the *Complaint* fails to state a claim under the ADEA because it failed to attach a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") or plead that Plaintiff timely filed a charge, and Plaintiff admitted to this magistrate judge during a pretrial conference that he had not filed a charge with the EEOC. (*Defendant's Reply in Support of Its Motion for Dismissal of Plaintiff's Complaint* [doc. 18] at 2 and n. 2.) Finally, Defendant argues that a plain reading of the *Complaint*, drawing all reasonable inferences in Plaintiff's favor, supports only a claim that Defendant did not give Plaintiffs sufficient assistance to meet its legitimate work expectations and that he was terminated due to a false positive drug test, not that he was discriminated against due his race or age. Thus, the *Complaint* "does not indicate what conduct [Plaintiff] is attributing to [Defendant], or if/why it is illegal" and fails to indicate the timeframe of the conduct. (*Id.*)

The Seventh Circuit has addressed the level of pleading required in simple claims of employment discrimination, even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007):

> We previously have stated, on numerous occasions, that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally. A complaint need not "allege all, or *any*, of the facts logically entailed by the claim," and it certainly need not include evidence.

3

*Tamayo*, 526 F.3d at 1081 (footnote omitted).

> Acknowledging that a complaint must contain something more than a general recitation of the elements of the claim, however, we nevertheless reaffirmed the minimal pleading standard for simple claims of race or sex discrimination. *Concentra*, 496 F.3d at 781-82 . Reaffirming our prior holdings in *Bennett*, 153 F.3d at 518, and *Kolupa*, 438 F.3d at 714, we noted:
>
>> [O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim. Requiring a more detailed complaint in *Bennett* wold have replicated the inefficient chase for facts decried in *Bennett* and *Dioguardi* [*v. Durning*, 139 F.2d 774 (2nd Cir. 1944)].
>
> *Concentra*, 496 F.3d at 781-82. Even after *Bell Atlantic*, *Concentra* affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.
>
> Additionally, *Bell Atlantic*'s explicit praise of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings. The Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic*, 127 S.Ct. at 1977; *see also Iqbal v. Hasty*, 490 F.3d 143, 156 (2d Cir.2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1977; *Iqbal*, 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Id.* at 1084-85.

While Defendant is correct that Plaintiff's narrative allegations in the *Complaint* do

not specifically allege race or age discrimination, Plaintiff's *Complaint* consists of one of this Court's *pro se* form complaints that is titled "Employment Discrimination Complaint." [Doc. 1.] Under the pre-printed subsection stating "This complaint is brought pursuant to:", Plaintiff checked the boxes for the ADEA and "Equal rights under law (42 U.S.C. § 1981)." Under the heading "Statement of Legal Claim / Plaintiff is entitled to relief in this action because:", Plaintiff has written "Wrongful Termination false urine sample lost wages & discrimination". Under the section titled "Facts in Support of Complaint," Plaintiff wrote the description quoted in the second paragraph of this Entry, which does not explicitly mention age or race discrimination. Based on the form complaint that Plaintiff used, the causes of action that he selected, and the statement that he is due relief because of discrimination, Defendant cannot reasonably claim that it is confused or uncertain that Plaintiff is alleging that he was wrongfully terminated because of his race and/or age. Plaintiff's allegations that Defendant did not provide sufficient support for him to satisfactorily complete his assigned tasks and that it terminated him based on a false positive drug-test result, are reasonably interpreted as relating to the means by which Defendant effected Plaintiff's termination for its actual racial and/or age reasons. The *Complaint* affords Defendant sufficient notice of Plaintiff's claim that it terminated him because of his race and age.

While Defendant is also correct that the *Complaint* fails to explicitly allege Plaintiff's race and his age, he was Defendant's employee from May 2007 to April 2011, *Application*

*for Wage Claim* [doc. 1-1] ("*Wage Claim*"), and Defendant does not, and likely could not, assert that it is unaware of either his race or age. If Plaintiff is not, in-fact or as-perceived, black and/or over forty years old, then it should be simple matter for Defendant to move for summary judgment on these claims without substantial discovery or effort. Indeed it might have so moved instead of filing the present motion. As it is, the *Complaint* "give[s] the defendant sufficient notice to enable [it] to begin to investigate and prepare a defense." *Tamayo*, 526 F.3d at 1085.

As for Defendant's argument that Plaintiff has failed to allege that persons of a different race received preferential treatment, that fact is part of a plaintiff's initial burden to demonstrate a *prima facie* case under the burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which is an evidentiary standard that is applied for the purposes of summary judgment, not a pleading standard that is applied for the purposes of motions to dismiss. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002).

The ADEA provides that an aggrieved individual may not file a civil action until sixty days after a charge is filed with the EEOC. 29 U.S.C. § 626(d). Because this requirement is more a condition precedent to suit, rather than an exhaustion requirement, a plaintiff's failure to file a timely charge is an affirmative defense, like a statute-of-limitations defense, *see Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158 (7th Cir. 2012), and, therefore, need not be pled, especially if satisfaction of the condition otherwise appears, *see Baltzer v. City of Sun Prairie Police Dept.*, 725 F.Supp. 1008, 1016-17 (W.D. Wis. 1989).

Therefore, the *Complaint*'s lack of an allegation that a timely charge was filed with the EEOC is not a ground, alone, for dismissal of the ADEA claim. However, Plaintiff's in-court admission that he has not filed an EEOC charge covering his ADEA claim, coupled with the absence of any allegation or other indication that an exception to the charge requirement, see, *e.g.*, *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008 (7th Cir. 1988) (class actions), is fatal to his ADEA claim.

Reviewing the content of the *Complaint* as a whole, and the parties' arguments, this magistrate judge recommends that the Court find that **(1)** Defendant has not shown that the *Complaint* fails to provide sufficient notice to Defendant to permit it to investigate and defend against Plaintiff's claim that his termination was the result of race discrimination, and **(2)** Plaintiff's ADEA claim is untenable because he failed to file a charge with the EEOC before filing this action. Thus, the Court should dismiss Plaintiff's ADEA claim but allow his § 1981 claim to proceed.

**Unpaid wages**

Construing the *Complaint* and attached documents liberally and drawing all reasonable inferences in Plaintiff's favor, it is apparent that Plaintiff claims that Defendant failed to pay him for time that he worked during his lunch breaks. He contends that Defendant continued to deduct time for lunch every day even though he did not take a lunch break "98% of the time of employment". *Application for Wage Claim* [doc. 1-1] ("*Wage Claim*"). (*Response to Defendant's Motion for Dismissal of Plaintiff's Complaint* [doc. 17]

("*Response*").) He alleges that, because Defendant deducted one half-hour each day for lunch, he has been underpaid by $5,509.40.[2] *Id.* He fails to identify, in his *Complaint* or *Response*, any statute or cause of action, federal or state, that might give him a remedy for his claim of unpaid wages. Because he did file the *Wage Claim* with the Indiana Department of Labor, Wage and Hour Division [doc. 1-1], it is a fair assumption that he intends at least some kind of state-law remedy. Defendant argues that his unpaid-wages allegations fail to state a claim under either federal or state law and that the Court lacks subject-matter jurisdiction of any state-law claim. Plaintiff offered only a thin response.

**Federal cause of action**

As for federal law, Defendant argues that only the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), could apply, but that statute prescribes a two-year period of limitation, 29 U.S.C. § 255(a), and Plaintiff did not file within that time. Materials that Plaintiff attached to his *Complaint* show that Defendant terminated his employment on March 28, 2011. *Wage Claim*; March 28, 2011 Termination Letter [doc. 5-3].[3] The *Complaint* was filed on April 4, 2013, after the limitations period expired on March 28, 2013. However, the FLSA also provides a three-year period of limitation for "a cause of action

---

[2] 52 weeks × 2.5 total hours each week for lunches × 2 years (May 2009 to April 2011, Plaintiff's term of employment) × $21.19 hourly pay rate. *Wage Claim*.

[3] Although documents 5 through 5-3 were submitted the day after the *Complaint* was filed, Plaintiff intended them to be a continuation of § IV of his form *Complaint*, as his heading on doc. 5 demonstrates.

arising out of a willful violation," 29 U.S.C. § 255(a),[4] according to which the *Complaint* would be timely, but only for claims for unpaid wages that accrued on or after April 3, 2010 (Plaintiff alleges unpaid wages starting in May 2009, *Wage Claim*). An employer's actions are willful, for purposes of the FLSA's period of limitation, where it knows, or shows reckless disregard for whether, its actions are unlawful under the FLSA. *Bankston v. State of Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995). Plaintiff makes no direct allegation that Defendant's allege series of non-payments for work performed during his lunch periods was willful and he alleges no facts or circumstances that reasonably can be construed to support any such inference.

In his *Response*, Plaintiff merely repeats his conclusory assertion that Defendant "wrongfully withheld back pay and wages owed to Plaintiff for time worked during lunch breaks," and states that "the claim is timely in that it is not beyond the 4 years limitation to file a claim." *Response* at 1. He does not respond to Defendant's argument that only the FLSA can apply to his claim and he does not explain how the FLSA provides him with a four-year period of limitation. He also does not argue or assert that the FLSA's three-year willfulness period applies to his claims. Plaintiff does not identify or suggest any other federal statute or other federal cause of action that allows him a remedy for Defendant's

---

[4] "Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938 . . . if the cause of action accrues on or after May 14, 2947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ."

alleged failure to pay him for his lunch-time work.

Therefore, because the *Complaint* does not allege willful conduct by Defendant or otherwise make any factual allegations that render such an inference reasonable or plausible, Plaintiff's claim for unpaid wages, to the extent that it is based on federal law, is time barred and should be dismissed.

**State cause of action**

Defendant correctly argues that, because the *Complaint* alleges that Plaintiff was wrongfully terminated, Indiana's Wage Claims Statute, Ind. Code chapter 22-2-9, not Indiana's Wage Payment Statute, Ind. Code chapter 22-2-5, applies to his claim for unpaid wages. *See St. Vincent Hospital and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002). Defendant also correctly argues that, under the Wage Claim Statute, only the state's commissioner of labor (for claims under $6,000), the state's attorney general, or a private attorney appointed by the attorney general, may bring civil enforcement and remedial actions under the Wage Claim Statute. Ind. Code §§ 22-2-9-4 and -5; *Steele*, 766 N.E.2d at 705. Plaintiff provided no response to these arguments. He also did not identify or suggest any other state law that provides any possibility of relief for his claims for unpaid wages.[5]

---

[5] As noted, the fact that Plaintiff's filed his *Wage Claim* with the Indiana Department of Labor, Wage and Hour Division, indicates that he was aware of and, at least at one time was pursuing, a remedy under the Wage Claim Statute.

Therefore, because the *Complaint* demonstrates that neither the Indiana commissioner of labor, the Indiana attorney general, nor an attorney appointed by the attorney general brings the present action on behalf of Plaintiff, and no other state-law cause of action has been identified or suggested as a basis for the *Complaint*'s unpaid-wages claim, any state-law claim for unpaid wages should be dismissed for failure to state a claim.[6] It is specifically noted, however, that lost wages, as an element of damages under Plaintiff's § 1981 claim, would not be affected by this ruling.

**Recommendation**

For the reasons explained above, this magistrate judge recommends that the Court **DENY** Defendant's motion to dismiss the *Complaint*'s § 1981 claim of race discrimination; **GRANT** the motion to dismiss the *Complaint*'s ADEA claim of age discrimination; and **GRANT** the motion to dismiss the *Complaint*'s claim for unpaid wages.

**NOTICE OF OPPORTUNITY TO OBJECT**

Within fourteen days after being served with a copy of this recommendation, any party may serve and file specific written objections thereto. A district judge must make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2) and (3). Failure to file an objection can

---

[6] In his *Response*, Plaintiff wrote that "The lost wages claim is germane to the Defendant's act of firing the Plaintiff and withholding Plaintiff's wages and compensation . . . ." *Response* at 1. Any relationship between Plaintiff's unpaid wages and his termination was not alleged, was not explained, and is not self-evident.

result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**DONE this date:** 02/07/2014

*[signature]*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record *via* ECF-generated e-mail.

*Via* first-class mail to:

> Byron Walton
> 3426 Waterloo Drive
> Indianapolis, Indiana  46268